IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:25-CV-6-KS

| | | |
|---|---|---|
| CHASITY NICOLE JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| FRANK BISIGNANO, Commissioner | ) | |
| of Social Security Administration,[1] | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court for judicial review pursuant to 42 U.S.C. § 405(g) of a final administrative decision of the Social Security Administration, the parties having consented to proceed pursuant to 28 U.S.C. § 636(c). Chasity Nicole Johnson ("Plaintiff") filed this action seeking judicial review of the denial of her application for a period of disability and disability insurance benefits ("DIB") and supplemental security income ("SSI"). The parties have fully briefed the matter pursuant to the Supplemental Rules for Social Security Actions,[2] and the matter is ripe for decision. Having carefully reviewed the administrative record and the parties' briefs, the court affirms the Commissioner's decision.

---

[1] Frank Bisignano became Commissioner on May 7, 2025, and is therefore substituted as a party pursuant to Fed. R. Civ. P. 25(d).

[2] Plaintiff filed a motion for judgment on the pleadings and supporting memorandum on June 9, 2025 [DE ##17, 19]. The court construes these as Plaintiff's opening brief under the Supplemental Rules for Social Security Actions.

Plaintiff applied for DIB and SSI on December 20, 2018, with an amended alleged onset date of April 14, 2018. (R. 17, 229, 330, 568–74, 636.) The application was denied initially and upon reconsideration, and a request for hearing was filed. (R. 257–58, 330, 360–61, 392–93.) A telephonic hearing was held on August 11, 2021, before Administrative Law Judge ("ALJ") Anne-Marie A. Ofori-Acquaah, who issued an unfavorable decision on November 26, 2021. (R. 200–28, 330–48.) On November 7, 2022, the Appeals Council granted Plaintiff's request for review and remanded the case back to the ALJ. (R. 321–24.) On January 8, 2024, ALJ Ofori-Acquaah held another hearing. (R. 166–97.) ALJ Ofori-Acquaah, again, issued an unfavorable decision on February 22, 2024. (R. 17–43.) On October 28, 2024, the Appeals Council denied Plaintiff's request for review. (R. 1–6.) At that time, the ALJ's decision became the final decision of the Commissioner. *See* 20 C.F.R. §§ 404.981, 416.1481. On January 2, 2025, Plaintiff initiated this action, seeking judicial review of the final administrative decision pursuant to 42 U.S.C. § 405(g).

## DISCUSSION

### I. Standard of Review

The scope of judicial review of a final agency decision denying disability benefits is limited to determining whether substantial evidence supports the Commissioner's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; [i]t consists of more than a mere

scintilla of evidence but may be somewhat less than a preponderance." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971), and *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)) (citations omitted) (alteration in original). "In reviewing for substantial evidence, [the court should not] undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (quoting *Craig*, 76 F.3d at 589) (first and second alterations in original). Rather, in conducting the "substantial evidence" inquiry, the court determines whether the Commissioner has considered all relevant evidence and sufficiently explained the weight accorded to the evidence. *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997).

## II.    Disability Determination

In making a disability determination, the Commissioner utilizes a five-step evaluation process. The Commissioner asks, sequentially, whether the claimant: (1) is engaged in substantial gainful activity; (2) has a severe impairment; (3) has an impairment that meets or equals the requirements of an impairment listed in 20 C.F.R. Part 404, Subpart P, App. 1; (4) can perform the requirements of past work; and, if not, (5) based on the claimant's age, work experience, and residual functional capacity can adjust to other work that exists in significant numbers in the national economy. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); *Albright v. Comm'r of SSA*, 174 F.3d 473, 475 n.2 (4th Cir. 1999). The burden of proof and production during the first four steps of the inquiry rests on the claimant. *Pass v. Chater*, 65 F.3d 1200,

1203 (4th. Cir. 1995). At the fifth step, the burden shifts to the Commissioner to show that other work exists in the national economy that the claimant can perform. *Id.* In making this determination, the ALJ must decide "whether the claimant is able to perform other work considering both [the claimant's residual functional capacity] and [the claimant's] vocational capabilities (age, education, and past work experience) to adjust to a new job." *Hall v. Harris*, 658 F.2d 260, 264 (4th Cir. 1981). "If the Commissioner meets [this] burden, the ALJ finds the claimant not disabled and denies the application for benefits." *Mascio v. Colvin*, 780 F.3d 632, 634 (4th Cir. 2015).

## III.   ALJ's Findings

Applying the five-step, sequential evaluation process, the ALJ found Plaintiff "not disabled" as defined in the Social Security Act ("the Act"). As a preliminary matter, the ALJ found that Plaintiff meets the insured status requirements of the Act through March 31, 2022. (R. 20.) At step one, the ALJ found Plaintiff has not engaged in substantial gainful activity since the alleged onset date. (*Id.*) Next, the ALJ determined Plaintiff has severe impairments of bipolar I disorder, depression, anxiety, attention deficit hyperactivity disorder, borderline personality disorder, and post-traumatic stress disorder. (*Id.*)

At step three, the ALJ concluded Plaintiff's impairments were not severe enough, either individually or in combination, to meet or medically equal one of the

4

listed impairments in 20 C.F.R. Part 404, Subpart P, App. 1. (R. 21.) The ALJ expressly considered Listings 12.04, 12.06, 12.08, 12.11, and 12.15. (*Id.*)

Before proceeding to step four, the ALJ assessed Plaintiff's residual functional capacity ("RFC") and found that Plaintiff has

> the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: [Plaintiff] is limited to performing simple, routine, repetitive tasks, but not at a production rate pace (i.e., no assembly line work). [Plaintiff] can make judgments on simple work-related decisions. [Plaintiff] can have occasional interactions with supervisors and coworkers, but no interaction with the public.

(R. 23–24.) In making this assessment, the ALJ stated that she considered Plaintiff's symptoms and the evidence (both "objective medical" and "other") based on the requirements of 20 C.F.R. §§ 404.1529, 416.929 and SSR 16–3p, 2017 WL 5180304 (Oct. 25, 2017), and found Plaintiff's statements concerning the intensity, persistence, and limiting effects of Plaintiff's symptoms "not entirely consistent with the medical evidence and other evidence." (R. 24–25.) At step four, the ALJ concluded that Plaintiff is not able to perform any past relevant work. (R. 40.) At step five, the ALJ determined, based upon Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, namely: deli cutter slicer (DOT #316.684-014), mail clerk (DOT #209.687-026), and housekeeping cleaner (DOT #323.687-014). (R. 42.) The ALJ concluded that Plaintiff has not been disabled under the Act since January 17, 2018. (*Id.*)

5

## IV.   Plaintiff's Arguments

Plaintiff contends the ALJ erred by

(A)   preventing meaningful review by using "global" citations to the record evidence (Pl.'s Br. [DE #19] at 13–14);

(B)   not complying with SSR 16–3p when evaluating Plaintiff's symptoms (*id.* at 14–17); and

(C)   failing to account in the RFC for the effect of Plaintiff's work absences on her ability to maintain employment (*id.* at 17–19).

The Commissioner contends that the ALJ did not commit error with her use of global citations because the ALJ created a logical bridge from the evidence to her decision, the ALJ properly evaluated the Plaintiff's symptoms, and Plaintiff did not demonstrate that her treatment would cause work absences. (Comm'r's Br. [DE #20] at 5–14.)

### A.   Global Citations

An ALJ must specifically explain how certain pieces of evidence support particular conclusions and "discuss[ ] . . . which evidence the ALJ found credible and why." *Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016) (quoting *Radford v. Colvin*, 734 F.3d 288, 295 (4th Cir. 2013)). The Fourth Circuit has interpreted this to require an ALJ to "build an accurate and logical bridge from the evidence to his conclusion." *Monroe*, 826 F.3d at 189 (quoting *Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000)). Where a court is "left to guess about how the ALJ arrived at [her] conclusions on [a claimant's] ability to perform relevant functions . . . , remand is necessary." *Mascio*, 780 F.3d at 637.

6

Plaintiff argues that meaningful review is frustrated because the "ALJ repeatedly cites to exhibits in the record without any citation to specific page numbers within the exhibit." (Pl.'s Br. at 13.) The court disagrees. An ALJ is required to "show h[er] work," and in this case, the ALJ does. *Patterson v. Comm'r of SSA*, 846 F.3d 656, 663 (4th Cir. 2017). While the ALJ does not cite to specific page numbers, the court is able to see how the ALJ arrived at her conclusions. An ALJ does not need to address every piece of evidence but merely must "construct an accurate and logical bridge from the evidence to [her] conclusions," which the ALJ has done here. *Monroe*, 826 F.3d at 189 (quoting *Clifford*, 227 F.3d at872). Meaningful review is not frustrated by the ALJ's citations.

B.      Symptom Evaluation

A symptom evaluation requires two steps: "[f]irst, the ALJ must determine whether objective medical evidence presents a 'medically determinable impairment' that could reasonably be expected to cause the claimant's alleged symptoms," and then second, "the ALJ must assess the intensity and persistence of the alleged symptoms." *Arakas*, 983 F.3d at 95 (citing 20 C.F.R. § 404.1529 and SSR 16–3p, 2016 WL 1119029 (Mar. 16, 2016)). The ALJ's decision must provide "specific reasons for the weight given to the individual's symptoms, be consistent with and supported by the evidence, and be clearly articulated so the individual and any subsequent reviewer can assess how the [ALJ] evaluated the individual's symptoms." SSR 16–3p, 2017 WL 5180304, at *10. Importantly, a claimant is "entitled to rely exclusively on subjective evidence" to prove her symptoms are so severe that they prevent her from

7

working a full day. *Arakas*, 983 F.3d at 95–96 (quoting *Hines v. Barnhart*, 453 F.3d 559, 563–65 (4th Cir. 2006)).

Plaintiff argues that the ALJ failed to comply with SSR 16–3p because the ALJ (i) relied on global citations to record evidence (Pl.'s Br. at 15), (ii) mischaracterized Plaintiff's symptoms as "stable" (*id.* at 16–17 (citing R. 40)), and (iii) improperly relied on "objective [examination] findings" (*id.* at 17). For the reasons explained above, the court rejects Plaintiff's argument about global citations to record evidence. Furthermore, the court is not persuaded by Plaintiff's remaining assignments of error in the symptom evaluation.

The ALJ explained that Plaintiff's symptoms were controlled when Plaintiff was treated with proper medication and therapy. (R. 26–28). "'[I]f a symptom can be reasonably controlled by medication or treatment, it is not disabling.'" *Barbare v. Saul*, 816 F. App'x 828, 834 (4th Cir. 2020) (quoting *Gross v. Heckler*, 785 F.2d 1163, 1166 (4th Cir. 1986)).

When evaluating Plaintiff's symptoms, the ALJ weighed objective medical evidence as well as other evidence, such as Plaintiff's subjective statements to her doctors and her ability to conduct her usual activities. (R. 23, 26–28.) The ALJ did not require objective medical evidence; instead, she summarized Plaintiff's years of treatment to show Plaintiff has reported to her doctors that her symptoms improve and are stable with medication and therapy. (R. 24–29.) While the ALJ did find that Plaintiff suffers from multiple psychological disorders, the ALJ explained that those disorders are not disabling under the Act because they can be controlled through

8

medication and treatment. *See Gross*, 785 F.2d at 1166. Plaintiff may disagree with the ALJ's evaluation of her symptom severity, but this court is not permitted to "re-weigh conflicting evidence, make credibility determinations, or substitute [its] own judgment" for the ALJ's. *See Craig*, 76 F.3d at 589.

C.      Work Absences in RFC

Plaintiff argues that the ALJ did not properly account for Plaintiff's need to be absent from work for several days each month, which several of Plaintiff's treating medical providers opined would be necessary. (Pl.'s Br. 17–19.) The Commissioner argues that the medical opinions relied upon by Plaintiff are insufficient to establish a disability and Plaintiff failed to demonstrate that her impairment would cause absenteeism. (Comm'r's Br. at 13–14.) The court agrees with the Commissioner.

An ALJ is not bound to adopt every part of a medical opinion, so long as the ALJ properly considers the opinion and articulates how the opinion was considered. *See* 20 C.F.R. §§ 404.1520c, 416.920c; *Oakes v. Kijakazi*, 70 F.4th 207, 212 (4th Cir. 2023) (summarizing medical opinion evaluation procedure). Here, Plaintiff does not argue that the ALJ improperly evaluated the medical opinions of her treating providers pursuant to the applicable regulations. (Pl.'s Br. at 17–19.)

Instead, Plaintiff argues the ALJ should have adopted the opinions of some of the medical providers regarding Plaintiff's absenteeism (or the matter should be remanded for the ALJ to re-weigh these medical opinions). (*Id.* at 19.) However, the ALJ explained why she did not find the medical opinions offered by the treating providers persuasive in light of the factors identified by 20 C.F.R. §§ 404.1520c,

9

416.920c (R. 29–36), and her findings in this regard are supported by substantial evidence. While Plaintiff disagrees with the ALJ's assessment of the medical opinions regarding work-related absenteeism, this court is not permitted to re-weigh the evidence. *See Craig*, 76 F.3d at 589.

## CONCLUSION

For the reasons stated above, the Commissioner's decision is AFFIRMED.

This 25th day of February 2026.

KIMBERLY A. SWANK
United States Magistrate Judge

10